## WHAT CONSTITUTES THE FRAUDULENT CONTRACTING OF A DEBT.

### THE LUHRIG COAL CO. v. LUDLUM.

69 Ohio State—Decided, December 8, 1903.

*Affidavit for Arrest—Section 5492, Revised Statutes—Rule as to Certainty of Intent—Affidavit to Contain Statement of Facts—But not Evidence—Purchase Fraudulent When Buyer Does not Intend to Pay.*

1. In an affidavit for arrest under the fifth particular of Section 5492, Revised Statutes, certainty to a certain intent in general is sufficient.
2. Such affidavit should contain a statement of the facts claimed to justify the belief in the existence of such particular, but it need

not contain a statement of the evidence by which such facts are to be established.

3. A debt is fraudulently contracted where a purchase of property is made with an intent on the part of the purchaser not to pay for the same.

Error to the Circuit Court of Hamilton County.

On October 13, 1899, the Luhrig Coal Co. began its action in the court of common pleas for the recovery of the sum of $825.99 against said Aaron M. Ludlum, on an account for said sum for coal before that time sold and delivered to said defendant. At the time of the filing of said petition said coal company also filed an affidavit duly signed and verified under oath, before the clerk of the court, in the words and figures following:

"STATE OF OHIO, HAMILTON COUNTY, SS.:

"William Montgomery, being duly sworn, says he is the authorized agent of the plaintiff herein, The Luhrig Coal Co., and that the claim sued on in this action is on an account for coal sold and delivered to the defendant at his request, for which defendant promised to pay plaintiff what the same was reasonably worth, which is set forth in the account marked Exhibit 'A,' attached to the petition, and all the averments of said petition are made part of this affidavit; that said claim is just, and its amount is $825.99 with interest from October 4, 1899.

"Affiant says that the defendant fraudulently contracted the debt and incurred the obligation on which this suit has been brought; and that at the time of each purchase of the coal set out in the petition and each item thereof, said defendant was indebted to an amount largely in excess of the value of all his property and assets, had knowledge of such facts at each of said times, and that at each of said times he did not intend or expect to pay for the coal so purchased, and had no reasonable expectation of paying for the same."

Bond was duly given, the order of arrest was issued and delivered to the sheriff with a copy of the affidavit, and was duly served by the sheriff, and defendant taken into custody.

Thereupon the defendant filed a motion for the vacation of the order of arrest on various grounds, among others, "Because the affidavit filed to procure the order of arrest does not state facts sufficient in law to warrant the issuance of an order of arrest."

Upon the hearing of said motion the court made the following final order: "This cause came on for hearing upon the motion of defendant to discharge the order of arrest herein issued, and discharge the defendant from imprisonment and arrest; and the court being fully advised in the premises finds that the affidavit is not sufficient, and does grant said motion, and orders that the accused be released from the custody of the sheriff."

The coal company duly excepted to said order, and filed its petition in error in the circuit court seeking its reversal, but the circuit court affirmed the same. Thereupon the coal company came here seeking the reversal of the judgment of the circuit court, as well as the reversal of said final order made by the court of common pleas.

*Burch & Johnson,* for plaintiff in error.

*Shay & Cogan,* for defendant in error.

BURKET, C. J.; SPEAR, DAVIS, SHAUCK, PRICE and CREW, JJ., concur.

The only question in this case worthy of report, is as to whether the affidavit is sufficiently full and certain to meet the requirements of the statute in such cases.

So much of Section 5492, Revised Statutes, as applies to this case, is as follows:

"An order for the arrest of defendant shall be made by the clerk of the court in which the action is brought, when there is filed in his office an affidavit of the plaintiff, his authorized agent or attorney, stating the nature of the plaintiff's claim; that it is just, and the amount thereof, as nearly as may be, and establishing one or more of the following particulars:
"5. That he * * * fraudulently contracted the debt, or incurred the obligation for which suit is about to be or has been brought. The affidavit shall also contain a statement of the facts claimed to justify the belief in the existence of one or more of such particulars."

It will be noticed that in the forepart of the section an order of arrest is allowed when an affidavit is filed, stating the nature of the plaintiff's claim, that it is just, and the amount thereof as nearly as may be, and establishing one or more of the six particulars for an arrest mentioned in the section. This word "establishing," standing alone, would seem to mean the same

as proving by affidavit, but the latter part of the section, which provides that the affidavit shall also contain a statement of the facts claimed to justify the belief in the existence of one or more of such particulars, seems to modify the meaning of the word establishing, to the extent that when the plaintiff has a belief in the existence of one or more of said particulars, and sets out facts tending to justify such belief, and makes positive affidavit thereto, he thereby establishes such particular.

As this affidavit is a part of the plaintiff's proceeding against the defendant for the recovery of his claim—a charge against him—certainty to a certain intent in general, is all that can be required. As to such certainty, it is held that it consists in such clearness and distinctness of statements of the facts constituting the cause of action, that they may be understood by the party who is to answer them, by the jury who are to ascertain the truth of the allegations, and by the court who is to give judgment. *Rex* v. *Horne, Cowp.,* 682; 6 Cyc. Law & Pro., 727; *The King* v. *Lyme Regis,* 1 Doug., 158. See also *Crofton* v. *State,* 25 Ohio St., 253.

The affidavit in question in this case fully meets the above requirements as to certainty. It charges in the words of the fifth particular of the statute, that the defendant fraudulently contracted the debt and incurred the obligation on which the suit was brought, and then states the facts claimed to justify the belief in the existence of this particular, as follows:

"And that at the time of each purchase of the coal set out in the petition and each item thereof, said defendant was indebted to an amount largely in excess of the value of all his property and assets, had knowledge of such facts at each of said times, and that at each of said times he did not intend or expect to pay for the coal so purchased, and had no reasonable expectation of paying for the same."

This fully and clearly informed the defendant, and he must have so understood it, that he would be required to answer the charge that at the time of the several purchases of coal he was indebted to an amount largely in excess of the value of his property and assets; that he had knowledge of such facts at the time of each purchase; that he did not intend or expect to pay for the coal so purchased; and that he had no reasonable expectation of paying for the same. This statement in the affi-

davit, as to the facts justifying the belief that the defendant fraudulently contracted the debt and incurred the obligation, is so clear and certain, that not only the defendant, who was to answer the charge, but also the court who was to ascertain the truth of the allegations and render judgment, could not fail to fully and clearly understand the facts upon which the plaintiff relied. That being so, the affidavit is certain to a certain intent in general, and sufficient. The affidavit is required to contain a statement of the *facts* claimed to justify the belief, and not the evidence proving such facts. The rule as to the statement of such facts in such an affidavit is the same as the rule as to the statement of facts in a pleading. The facts claimed to justify the belief should be stated in the affidavit, and then upon the hearing the evidence tending to prove such facts should be brought forward.

In the case at bar the charge in the affidavit, that at the times of the several purchases of coal the indebtedness of the defendant largely exceeded the value of all his property and assets, that he had knowledge of that fact, that he did not intend or expect to pay for the coal, and had no reasonable expectation of paying for it, is a charge of facts clearly showing that the debt was fraudulently contracted; because he who purchases property not intending to pay for the same, is guilty of a fraud. *Wilmot* v. *Lyon,* 49 Ohio St., 296.

It is therefore clear that the court of common pleas erred in sustaining the motion to vacate the order of arrest, and in discharging the defendant from custody, and that the circuit court erred in affirming the common pleas.

The orders and judgments of both courts will be reversed, and cause remanded to the court of common pleas for further proceedings according to law.

*Judgments and orders reversed and cause remanded.*